# EXHIBIT 1

8/30/2019 9:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36418653
By: Charlie Tezeno
Filed: 8/30/2019 9:47 AM

Cause No. _____

| | | |
|---|---|---|
| MICHAEL LOONSFOOT, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC; | § | |
| BROSNAN RISK CONSULTANTS, LTD., | § | |
| and JOHN DOE, | § | |
| *Defendants.* | § | __ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **MICHAEL LOONSFOOT** (hereinafter referred to as "Plaintiff," where applicable), complaining of and against **WAL-MART STORES TEXAS, LLC, BROSNAN RISK CONSULTANTS, LTD.,** and **JOHN DOE**[1], Defendants, and files this, Plaintiff's Original Petition and Initial Discovery Requests for causes of action and would show the Court as follows:

### A.    DISCOVERY LEVEL

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as proscribed by TEXAS RULES OF CIVIL PROCEDURE 190.4.

### B.    PARTIES

1.    Plaintiff, **MICHAEL LOONSFOOT**, is a natural person and was a resident of Harris County, Texas, at the time of the events made the basis of this suit.

---

[1] Pursuant to TEXAS RULES OF CIVIL PROCEDURE 28, Plaintiff brings this action against Defendants **WAL-MART STORES TEXAS, LLC** and **BROSNAN RISK CONSULTANTS, LTD.** in their assumed and/or common names. In the event that any proper party is misnamed in or omitted from this petition, Plaintiff requests that the true name of such party be substituted pursuant to Rule 28 and the misnomers doctrine. Tex. R. Civ. P. 28; *see also Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999); *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990); *Sheldon v. Emergency Med. Consultants I, P.A.*, 43 S.W.3d 701, 703 (Tex. App.—Ft. Worth 2001, *no pet.*).

2.      Defendant, **WAL-MART STORES TEXAS, LLC**, is a foreign limited liability company,
headquarted in Bentonville, Arkansas, and incorporated out of Delaware. This Defendant
may be served with process by and through its registered agent, C T Corporation System, at
1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136, or wherever else it may be found.

3.      Defendant, **BROSNAN RISK CONSULTANTS, LTD.**, is a foreign for-profit corporation,
headquartered and incorporated out of New York. This Defendant may be served with
process by and through its registered agent, Registered Agent Solutions, Inc., at 1701
Directors Blvd., Suite 300, Austin, Texas, 78744, or wherever else it may be found.

4.      Defendant, **JOHN DOE**, is a natural person who, at the time of the incident made basis of
Plaintiff's claims, was an employee of Defendant **WAL-MART STORES TEXAS, LLC.**
This Defendant's identity is not, at this time, known to Plaintiff.

## C.    CLAIM FOR RELIEF

5.      As a general matter, Plaintiff's counsel believes that the amount of damages to be
awarded to a claimant is strictly within the province of the jury. The damages sought by
Plaintiff in this case will not be measured by a specific dollar amount as much as based
on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up
to them to award intangible damages for all applicable non-economic damages. The jury
will also be reminded of the value that we as free Americans place on human life and our
right to be free from pain and suffering and to pursue happiness however we see fit.

6.      Despite all of the foregoing, and despite the many objections lodged by both the defense
bar and the plaintiff bar, the Rules now provide that a plaintiff must state how much
money they are seeking in a given suit. Therefore, due to the new Rules put in place in
2013, and pursuant to TEXAS RULES OF CIVIL PROCEDURE 47(c)(5), Plaintiff hereby states

that he is seeking monetary relief of over $1,000,000.00, excluding costs, prejudgment interest, exemplary damages, and attorney fees.

### D.     JURISDICTION & VENUE

7.     Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court.

8.     Pursuant to Sections 15.002 and 15.005 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Harris County because it is the county in which a substantial portion of the events made basis of Plaintiff's claims took place.

### E.     FACTUAL BACKGROUND

9.     Plaintiff, **MICHAEL LOONSFOOT**, brings this suit to recover damages for personal injuries sustained as a result of a sexual assault and battery against Plaintiff at the Wal-Mart Supercenter, located at 2700 S. Kirkwood Road, Houston, Texas, 77077, Store #3296, on or about August 5, 2018. Defendant **BROSNAN RISK CONSULTANTS, LTD.**, by and through its employees and/or agents, was at the location to provide security services.

10.    Said assault was proximately caused by the neglect of Defendants, **WAL-MART STORES TEXAS, LLC** and **BROSNAN RISK CONSULTANTS, LTD.** (hereinafter referred to, as applicable, as "**WAL-MART**" and "**BROSNAN**," respectively), by exposing Plaintiff to the intentional actions of **WAL-MART**'s agent and/or employee, Defendant **JOHN DOE**.

11.    At the time of the sexual assault, Plaintiff is a customer shopping at **WAL-MART**. During his shopping experience, Plaintiff has to use the bathroom. While utilizing a urinal in the bathroom of the **WAL-MART**, Defendant **JOHN DOE**, who is wearing a **WAL-**

MART uniform, is at the urinal next to Plaintiff. Without any kind of warning to or consent from Plaintiff, Defendant **JOHN DOE** engages in an intentional act of moving around the stall divider separating the view of the urinals from one another, and proceeds to view Plaintiff's genitals.

12.  As Defendant **JOHN DOE** is looking over the stall divider, an employee of **BROSNAN**, Mr. Devon Glenn, enters the restroom. He sees Defendant **JOHN DOE** look over into the stall of Plaintiff, but decides to do nothing in response, and proceeds to walk out of the restroom.

13.  Once Mr. Glenn has left the restroom, Defendant **JOHN DOE** is free to continue his disturbing course of actions. Plaintiff is forcibly grabbed by Defendant **JOHN DOE** from behind. Defendant **JOHN DOE** then proceeds to grab Plaintiff's penis with his hand, and before Plaintiff can react, Defendant **JOHN DOE** squats down and forces Plaintiff's penis into Defendant **JOHN DOE**'s mouth. Plaintiff manages to force Defendant **JOHN DOE** away by physically pushing Defendant **JOHN DOE** away from him.

14.  Defendant **JOHN DOE** proceeds to move to the door of the restroom, blocking Plaintiff from leaving. Absolving any doubt that Defendant **JOHN DOE** has engaged in this heinous assault for any reason other than for his own sexual gratification, Defendant **JOHN DOE** next takes his own penis from within his pants, and beings to masturbate. Plaintiff, understandably not sure how to react both to the assault he has just been forced to endure and now this utterly inappropriate display by Defendant **JOHN DOE**,  moves to the sinks to wash his hands, doing what he can to ignore Defendant **JOHN DOE**. When Defendant **JOHN DOE** moves to the sinks as well, Plaintiff is able to finally escape the restroom.

15.     Once outside the restroom, Plaintiff moves towards a nearby claw-machine filled with toys for children. Defendant **JOHN DOE**, who has now also left the restroom, sees Plaintiff, and approaches him. Defendant **JOHN DOE** asks Plaintiff to leave the store with him. Plaintiff does not respond, instead immediately making the decision that he needs to leave the store as soon as possible. As he walks to the parking lot, Defendant **JOHN DOE** follows him out, still asking Plaintiff to come over to his vehicle rather than leave. Plaintiff ignores Defendant **JOHN DOE** and does not respond to his heinous requests. Once Plaintiff reaches his vehicle, Defendant **JOHN DOE** finally abandons his stalking pursuit of Plaintiff, and Plaintiff is able to leave the area.

16.     Plaintiff has suffered severe emotional harm as a result of Defendants' neglect and intentional acts.

### F.     *RESPONDEAT SUPERIOR*

17.     Defendant **BROSNAN** is legally responsible to Plaintiff for the negligent conduct of Mr. Devon Glenn under the legal doctrine of *respondeat superior* and agency, because Mr. Devon Glenn was at all times material hereto an agent, ostensible agent, servant and/or employee of Defendant **BROSNAN** and was acting within the course and scope of such agency or employment at the time of the incident made basis of Plaintiff's claims. As a result, Defendant **BROSNAN** is vicariously liable for all negligence of Mr. Devon Glenn.

### G.     CAUSE OF ACTION: COUNT I – NEGLIGENCE (DEFENDANT WAL-MART AND DEFENDANT BROSNAN)

18.     Plaintiff alleges that, upon the occasion in question, Defendant **WAL-MART** failed to use ordinary care in in at least one or more of the following ways:

a. Failing to conduct an appropriate background investigation on Defendant **JOHN DOE**;

b. Failing to adequately supervise Defendant **JOHN DOE**;

c. Failing to pay adequate attention to the actions of Defendant **JOHN DOE**;

d. Failing to use due caution; and

e. Failing to warn patrons of the dangerous and inappropriate behavior of its employee, Defendant **JOHN DOE**.

19. Plaintiff alleges that, upon the occasion in question, Defendant **BROSNAN**, directly and/or by and through its employees and/or agents, failed to use ordinary care in in at least one or more of the following ways:

a. Duty to exercise reasonable care to avoid a foreseeable risk of injury to others;

b. Duty to take affirmative action to control or avoid increasing the danger from a condition that has been at least partially created by the individual's conduct;

c. Duty to use ordinary care in not placing others in harm's way of foreseeable criminal activity; and

d. Duty to exercise reasonable care in performing services for another that Mr. Devon Glenn should have recognized as necessary for the protection of a third party.

20. Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### H.   CAUSE OF ACTION: COUNT II – GROSS NEGLIGENCE (DEFENDANT BROSNAN)

21. At the time of the incident in question, Defendant **BROSNAN**, by and through its agent and/or employee, Mr. Devon Glenn, behaved in such a manner and under such a condition

as to create an extreme risk by reckless disregard of the rights, welfare, and safety of Plaintiff.

22.     Defendant **BROSNAN**'s actions, when viewed objectively from the defendant's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Specifically, that Mr. Devon Glenn, while employed as a security guard on the property of Defendant **WAL-MART**, entered into the restroom where Plaintiff and Defendant **JOHN DOE** were present, and, upon noticing that Defendant **JOHN DOE** was making the intentional action of moving around a urinal dividing wall to view the genitals of Plaintiff, did nothing to intervene and/or prevent the actions of Defendant **JOHN DOE** from continuing and/or progressing.

23.     Defendant **BROSNAN** had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others. Specifically, that Mr. Devon Glenn, when asked to provide details of what he had observed when entering the restroom, stated he saw that Defendant **JOHN DOE** was looking over into the stall of Plaintiff, decided to not think much of Defendant **JOHN DOE**'s actions, and then proceeded to leave the restroom. These actions then permitted the assault of Plaintiff to take place.

24.     **Exemplary Damages**. The injuries sustained by Plaintiff resulted from Defendant **BROSNAN**'s gross negligence, which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE 41.003(a).

I.      **CAUSE OF ACTION: COUNT III – SEXUAL ASSAULT AND BATTERY (INFLICTION OF BODILY INJURY) (DEFENDANT JOHN DOE)**

25.    At the time of the incident in question, Defendant **JOHN DOE** knowingly and intentionally caused physical contact with Plaintiff's person knowing, or when he should have reasonably believed, that Plaintiff would regard such contact as offensive.

26.    Texas law indisputably recognizes a cause of action for the assault and battery of another. "A person commits assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE ANN. § 22.01(a) (3). The elements of assault and battery are the same in both criminal and civil suits. *Price v. Short,* 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, no writ.).

27.    Plaintiff has incurred substantial damages as a direct and proximate result of Defendant **JOHN DOE**'s assault and battery of Plaintiff.

28.    **Exemplary Damages**. The injuries sustained by Plaintiff resulted from Defendant **JOHN DOE**'s malice, which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE 41.003(a).

### J.    CAUSE OF ACTION: COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANT JOHN DOE)

29.    Defendant **JOHN DOE** had full knowledge of the unreasonable nature of grabbing, without any kind of consent and/or permission, Plaintiff's penis, and then further placing Plaintiff's penis into Defendant **JOHN DOE**'s mouth. Defendant **JOHN DOE** knew that Plaintiff was unsuspecting of the assault that Defendant **JOHN DOE** was about to launch, and knew the grave, and potentially serious emotional consequences to Plaintiff. Defendant **JOHN DOE** made a conscious decision to disregard the risks to Plaintiff and endanger Plaintiff's emotional state in the process.

eng

30. This conduct of Defendant **JOHN DOE** constitutes a flagrant disregard for the rights and safety of Plaintiff that resulted in emotional injuries and damages, and was extreme and outrageous. Plaintiff's injuries and damages continue to affect him.

31. This conduct of Defendant **JOHN DOE** was a proximate cause of the severe emotional distress sustained by Plaintiff. This severe emotional distress was sustained in the past and, in all reasonable probability, will be sustained by Plaintiff in the foreseeable future.

32. **Exemplary Damages**. The injuries sustained by Plaintiff resulted from Defendant **JOHN DOE**'s malice, which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE 41.003(a).

## K.   DAMAGES

33. As a direct and proximate result of the actions and omissions by Defendants as described herein, Plaintiff has suffered severe injuries and damages. Such damages include, but are not limited to, the following:

    a.   Past Physical Pain;

    b.   Future Physical Pain;

    c.   Past Suffering;

    d.   Future Suffering;

    e.   Past Mental Anguish;

    f.   Future Mental Anguish;

    g.   Past Emotional Distress; and

    h.   Future Emotional Distress.

34.   Plaintiff reserves the right to plead additional and/or more specific damages in the future as additional facts become known.

## L.   DAMAGES CONSIDERED SEPERATELY

35.   Plaintiff respectfully asserts his request that he be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate him for the injuries, losses and damages incurred, and to be incurred, and that each element of his damages be considered separately and individually, segregating the past and future losses, so that the amount of pre-judgment interest due to him may be computed.

## M.   CONDITIONS PRECEDENT

36.   All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## N.   JURY DEMAND AND REQUEST FOR COURT REPORTER

37.   Plaintiff demands a jury trial to resolve all fact issues in this case and tenders the appropriate fee with this petition.

38.   Plaintiff respectfully requests that a court reporter attend all sessions of court in connection with this case and that the court reporter take full notes of the jury selection, all testimony offered, any and all objections, arguments, and presentations of counsel, and all rulings and remarks of the Court.

## O.   RULE 193.7 NOTICE

39.   In accordance with TEXAS RULES OF CIVIL PROCEDURE 193.7, Plaintiff hereby gives actual notice to Defendants that any and all documents and/or materials produced in response to written discovery may be used as evidence in this case, and that any such

documents and/or materials may be used as evidence against the party producing the document or material at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents and/or materials produced in discovery.

## P.   DISCOVERY

40. Pursuant to TEXAS RULES OF CIVIL PROCEDURE 194, each Defendant is requested to disclose, within fifty days of service of this request, the information and/or materials described in TEXAS RULES OF CIVIL PROCEDURE 194.2.

41. Additionally, Plaintiff requests that Defendants respond to the following written discovery (attached hereto) within fifty (50) days of service thereof:

   a.   Exhibit A: Plaintiff's First Request for Admissions to Defendant **WAL-MART**;

   b.   Exhibit B: Plaintiff's First Request for Admissions to Defendant **BROSNAN**;

   c.   Exhibit C: Plaintiff's First Requests for Production to Defendant **WAL-MART**;

   d.   Exhibit D: Plaintiff's First Requests for Production to Defendant **BROSNAN**;

   e.   Exhibit E: Plaintiff's First Set of Interrogatories to Defendant **WAL-MART**; and

   f.   Exhibit F: Plaintiff's First Set of Interrogatories to Defendant **BROSNAN**.

## Q.   REQUEST FOR DEPOSITION DATES

42. Plaintiff requests that available dates for the depositions of the following individuals be provided within fifty (50) days of service:

   a.   For Defendant **WAL-MART**, the corporate representative(s) most knowledgeable about the following matters: the incident made basis of Plaintiff's claims; Defendant **WAL-MART**'s applicable insurance policy(ies); Defendant **WAL-MART**'s investigation of incidents, including the incident made basis of Plaintiff's claims; Defendant **WAL-MART**'s process when hiring, training, and

supervising employees, and; Defendant **WAL-MART**'s corporate structure and personnel; and

b.      For Defendant **BROSNAN**, the corporate representative(s) most knowledgeable about the following matters: the incident made the basis of Plaintiff's claims; Defendant **BROSNAN**'s applicable insurance policy(ies); prior lawsuits filed against Defendant **BROSNAN** in the past 10 years; Defendant **BROSNAN**'s investigation of incidents, including the incident made the basis of Plaintiff's claims; Defendant **BROSNAN**'s process when hiring, training, and supervising employees, and; Defendant **BROSNAN**'s corporate structure and personnel.

### R.      PRAYER FOR RELIEF

43.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Defendants be duly cited to appear and answer herein and that, upon final trial of this cause, Plaintiff be granted a judgment against Defendants for the following:

a.      Actual damages as alleged herein and/or proven at trial;

b.      Exemplary damages;

c.      Prejudgment interest from the date of injury through the date of judgment, at the maximum rate allowed by law;

d.      Post judgment interest at the maximum rate allowed by law;

e.      Costs of court; and

f.      Any and all such other and further relief, whether in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
(512) 346-5688 (Telephone)
(512) 719-4362 (Facsimile)

By: /s/ L. Todd Kelly
    **L. TODD KELLY**
    Texas Bar No. 24035049
    TKellyefile@carlsonattorneys.com

    **NICHOLAS P. MERZ**
    Texas Bar No. 24107863
    NMerz@carlsonattorneys.com

    **ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT WAL-MART STORES TEXAS, LLC

Pursuant to Texas Rule of Civil Procedure 198, Defendant, **WAL-MART STORES TEXAS, LLC**, is requested to answer in writing, within fifty (50) days of service of this Request, the following Requests for Admissions.

### DEFINITIONS

1.   "You," "your," "**Defendant**," "**WAL-MART**," and "**WAL-MART STORES TEXAS, LLC** " refer to the named Defendant, **WAL-MART STORES TEXAS, LLC**, to whom these requests are directed; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates of his predecessors, successors, divisions, and subsidiaries; any other person, corporation, or entity under the control, whether directly or indirectly, of the party or his predecessors, successors, divisions, and subsidiaries; and any other person, corporation, or entity acting or purporting to act, whether authorized to do so or not, on behalf of or in concert with the party or the predecessors, successors, divisions, and subsidiaries, including any attorney.

2.   "**Person**" means any natural person, individual, firm, joint venture, corporation, partnership, sole proprietorship, union, association, trust, governmental entity, federation and/or any other kind of organization, legal or business entity and all predecessors or successors in interest.

3.   "**Incident in Question**", or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the subject matter in this suit.

4.   "**Date in Question**", or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the subject matter in this suit.

5.   "**And**" and "**or**" shall each be construed to mean "and/or" and shall be interchangeable.

6.   "**Including**" shall be construed to mean "without limitation."

7.   The use of the singular form of any word includes the plural, and vice versa.

8.   "Store #3296" refers to Defendant **WAL-MART STORES TEXAS, LLC**'s supercenter, located at 2700 S. Kirkwood Road, Houston, Texas, 77077.

## INSTRUCTIONS

1.   Pursuant to Texas Rules of Civil Procedure 198.2(b), for any Request that is not specifically admitted or denied, explain in detail the reasons why you are unable to specifically admit or deny the request, including any objections or privileges which you believe relieve you of the responsibility to admit or deny the Request.

2.   Unless otherwise stated, these Requests for Admission pertain to the time period of the Incident in Question.

## REQUESTS FOR ADMISSIONS

<u>REQUEST NO. 1</u>: Admit that you are a proper party to this lawsuit.

**ADMIT OR DENY:**

<u>REQUEST NO. 2</u>: Admit that you are not a proper party to this lawsuit.

**ADMIT OR DENY:**

<u>REQUEST NO. 3</u>: Admit that you were properly served with this lawsuit.

**ADMIT OR DENY:**

<u>REQUEST NO. 4</u>: Admit that you were not properly served with this lawsuit.

**ADMIT OR DENY:**

<u>REQUEST NO. 5</u>: Admit that, as it relates to Store #3296, you had a contract with **BROSNAN RISK CONSULTANTS, LTD.** on the date in question.

**ADMIT OR DENY:**

<u>REQUEST NO. 6</u>: Admit that, as it relates to Store #3296, you did not have a contract with **BROSNAN RISK CONSULTANTS, LTD.** on the date in question.

**ADMIT OR DENY:**

<u>REQUEST NO. 7</u>: Admit that, on the date in question, **BROSNAN RISK CONSULTANTS, LTD.** was providing security services for Store #3296.

**ADMIT OR DENY:**

<u>REQUEST NO. 8</u>: Admit that, on the date in question, **BROSNAN RISK CONSULTANTS, LTD.** was not providing security services for Store #3296.

**ADMIT OR DENY:**

<u>REQUEST NO. 9</u>: Admit that, on the date in question, Devon Glenn was present at Store #3296.

**ADMIT OR DENY:**

<u>REQUEST NO. 10</u>: Admit that, on the date in question, Devon Glenn was not present at Store #3296.

**ADMIT OR DENY:**

**REQUEST NO. 11**: Admit that, on the date in question, Devon Glenn was present at Store #3296 as an employee of **BROSNAN RISK CONSULTANTS, LTD.**

    **ADMIT OR DENY:**

**REQUEST NO. 12**: Admit that, on the date in question, Devon Glenn was not present at Store #3296 as an employee of **BROSNAN RISK CONSULTANTS, LTD.**

    **ADMIT OR DENY:**

**REQUEST NO. 13**: Admit that Devon Glenn filled out a witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 14**: Admit that Devon Glenn did not fill out a witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 15**: Admit that you have seen Devon Glenn's witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 16**: Admit that you have not seen Devon Glenn's witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 17**: Admit that Devon Glenn, in his witness statement, identifies an individual by the term "the cart pusher."

    **ADMIT OR DENY:**

**REQUEST NO. 18**: Admit that Devon Glenn, in his witness statement, does not identify an individual by the term "the cart pusher."

    **ADMIT OR DENY:**

**REQUEST NO. 19**: Admit that you know the identity of the individual identified in Devon Glenn's witness statement as "the cart pusher."

    **ADMIT OR DENY:**

**REQUEST NO. 20**: Admit that you do not know the identity of the individual identified in

Devon Glenn's witness statement as "the cart pusher."

     ADMIT OR DENY:

**REQUEST NO. 21**: Admit that the individual identified in Devon Glenn's witness statement as "the cart pusher" was, on the date in question, an employee of yours.

     ADMIT OR DENY:

**REQUEST NO. 22**: Admit that the individual identified in Devon Glenn's witness statement as "the cart pusher" was, on the date in question, not an employee of yours.

     ADMIT OR DENY:

**REQUEST NO. 23**: Admit that you conducted a background check on the individual identified in Devon Glenn's witness statement as "the cart pusher" prior to offering him employment.

     ADMIT OR DENY:

**REQUEST NO. 24**: Admit that you did not conduct a background check on the individual identified in Devon Glenn's witness statement as "the cart pusher" prior to offering him employment.

     ADMIT OR DENY:

**REQUEST NO. 25**: Admit that conducting a background check on the individual identified in Devon Glenn's witness statement as "the cart pusher" prior to offering him employment was not required.

     ADMIT OR DENY:

**REQUEST NO. 26**: Admit that conducting a background check on the individual identified in Devon Glenn's witness statement as "the cart pusher" prior to offering him employment was required.

     ADMIT OR DENY:

**REQUEST NO. 27**: Admit you conducted training for the individual identified in Devon Glenn's witness statement as "the cart pusher."

     ADMIT OR DENY:

**REQUEST NO. 28**: Admit you did not conduct training for the individual identified in Devon Glenn's witness statement as "the cart pusher."

     ADMIT OR DENY:

**REQUEST NO. 29**: Admit that you conducted an investigation regarding the incident in question.

**ADMIT OR DENY:**

**REQUEST NO. 30**: Admit that you did not conduct an investigation regarding the incident in question.

**ADMIT OR DENY:**

**REQUEST NO. 31**: Admit the investigation you conducted regarding the incident in question reached a conclusion.

**ADMIT OR DENY:**

**REQUEST NO. 32**: Admit the investigation you conducted regarding the incident in question did not reach a conclusion.

**ADMIT OR DENY:**

**REQUEST NO. 33**: Admit that the individual identified in Devon Glenn's witness statement as "the cart pusher" is currently an employee of yours.

**ADMIT OR DENY:**

**REQUEST NO. 34**: Admit that the individual identified in Devon Glenn's witness statement as "the cart pusher" is no longer an employee of yours.

**ADMIT OR DENY:**

**REQUEST NO. 35**: Admit you have a personnel file for the individual identified in Devon Glenn's witness statement as "the cart pusher."

**ADMIT OR DENY:**

**REQUEST NO. 36**: Admit you do not have a personnel file for the individual identified in Devon Glenn's witness statement as "the cart pusher."

**ADMIT OR DENY:**

**REQUEST NO. 37**: Admit a conclusion of your investigation regarding the incident in question was that the individual identified in Devon Glenn's witness statement as "the cart pusher" had made physical contact with Plaintiff without permission or consent.

**ADMIT OR DENY:**

**REQUEST NO. 38**: Admit a conclusion of your investigation regarding the incident in question was that the individual identified in Devon Glenn's witness statement as "the cart pusher" had not made physical contact with Plaintiff without permission or consent.

**ADMIT OR DENY:**

**REQUEST NO. 39**: Admit that your employees making physical contact with customers without the customer's permission or consent is not appropriate.

**ADMIT OR DENY:**

**REQUEST NO. 40**: Admit that your employees making physical contact with customers without the customer's permission or consent is appropriate.

**ADMIT OR DENY:**

**REQUEST NO. 41**: Admit that, on the date in question, Plaintiff was a customer of yours.

**ADMIT OR DENY:**

**REQUEST NO. 42**: Admit that, on the date in question, Plaintiff was not a customer of yours.

**ADMIT OR DENY:**

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT BROSNAN RISK CONSULTANTS, LTD.

Pursuant to Texas Rule of Civil Procedure 198, Defendant, **BROSNAN RISK CONSULTANTS, LTD.**, is requested to answer in writing, within fifty (50) days of service of this Request, the following Requests for Admissions.

### DEFINITIONS

1.   "**You**," "**your**," "**Defendant**," "**BROSNAN**," and "**BROSNAN RISK CONSULTANTS, LTD.**" refer to the named Defendant, **BROSNAN RISK CONSULTANTS, LTD.**, to whom these requests are directed; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates of his predecessors, successors, divisions, and subsidiaries; any other person, corporation, or entity under the control, whether directly or indirectly, of the party or his predecessors, successors, divisions, and subsidiaries; and any other person, corporation, or entity acting or purporting to act, whether authorized to do so or not, on behalf of or in concert with the party or the predecessors, successors, divisions, and subsidiaries, including any attorney.

2.   "**Person**" means any natural person, individual, firm, joint venture, corporation, partnership, sole proprietorship, union, association, trust, governmental entity, federation and/or any other kind of organization, legal or business entity and all predecessors or successors in interest.

3.   "**Incident in Question**", or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the subject matter in this suit.

4.     "**Date in Question**", or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the subject matter in this suit.

5.     "**And**" and "**or**" shall each be construed to mean "and/or" and shall be interchangeable.

6.     "**Including**" shall be construed to mean "without limitation."

7.     The use of the singular form of any word includes the plural, and vice versa.

8.     "Store #3296" refers to Defendant **WAL-MART STORES TEXAS, LLC**'s Supercenter, located at 2700 S. Kirkwood Road, Houston, Texas, 77077.

<u>**INSTRUCTIONS**</u>

1.     Pursuant to Texas Rules of Civil Procedure 198.2(b), for any Request that is not specifically admitted or denied, explain in detail the reasons why you are unable to specifically admit or deny the request, including any objections or privileges which you believe relieve you of the responsibility to admit or deny the Request.

2.     Unless otherwise stated, these Requests for Admission pertain to the time period of the Incident in Question.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**: Admit that you are a proper party to this lawsuit.

    **ADMIT OR DENY:**

**REQUEST NO. 2**: Admit that you are not a proper party to this lawsuit.

    **ADMIT OR DENY:**

**REQUEST NO. 3**: Admit that you were properly served with this lawsuit.

    **ADMIT OR DENY:**

**REQUEST NO. 4**: Admit that you were not properly served with this lawsuit.

    **ADMIT OR DENY:**

**REQUEST NO. 5**: Admit that, as it relates to Store #3296, you had a contract with **WAL-MART STORES TEXAS, LLC** on the date in question.

    **ADMIT OR DENY:**

**REQUEST NO. 6**: Admit that, as it relates to Store #3296, you did not have a contract with **WAL-MART STORES TEXAS, LLC** on the date in question.

    **ADMIT OR DENY:**

**REQUEST NO. 7**: Admit that, on the date in question, you were providing security services for Store #3296.

    **ADMIT OR DENY:**

**REQUEST NO. 8**: Admit that, on the date in question, you were not providing security services for Store #3296.

    **ADMIT OR DENY:**

**REQUEST NO. 9**: Admit that, on the date in question, Devon Glenn was present at Store #3296.

    **ADMIT OR DENY:**

**REQUEST NO. 10**: Admit that, on the date in question, Devon Glenn was not present at Store #3296.

    **ADMIT OR DENY:**

**REQUEST NO. 11**: Admit that, on the date in question, Devon Glenn was present at Store #3296 as an employee of yours.

    **ADMIT OR DENY:**

**REQUEST NO. 12**: Admit that, on the date in question, Devon Glenn was not present at Store #3296 as an employee of yours.

    **ADMIT OR DENY:**

**REQUEST NO. 13**: Admit that Devon Glenn filled out a witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 14**: Admit that Devon Glenn did not fill out a witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 15**: Admit that you have seen Devon Glenn's witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 16**: Admit that you have not seen Devon Glenn's witness statement regarding the incident in question.

    **ADMIT OR DENY:**

**REQUEST NO. 17**: Admit that Devon Glenn, in his witness statement, identifies an individual by the term "the cart pusher."

    **ADMIT OR DENY:**

**REQUEST NO. 18**: Admit that Devon Glenn, in his witness statement, does not identify an individual by the term "the cart pusher."

    **ADMIT OR DENY:**

**REQUEST NO. 19**: Admit that you know the identity of the individual identified in Devon Glenn's witness statement as "the cart pusher."

    **ADMIT OR DENY:**

**REQUEST NO. 20**: Admit that you do not know the identity of the individual identified in

Devon Glenn's witness statement as "the cart pusher."

**ADMIT OR DENY:**

**REQUEST NO. 21**: Admit you conducted training for Devon Glenn prior to the date in question.

**ADMIT OR DENY:**

**REQUEST NO. 22**: Admit you had not conducted training for Devon Glenn prior to the date in question.

**ADMIT OR DENY:**

**REQUEST NO. 23**: Admit that you conducted an investigation regarding the incident in question.

**ADMIT OR DENY:**

**REQUEST NO. 24**: Admit that you did not conduct an investigation regarding the incident in question.

**ADMIT OR DENY:**

**REQUEST NO. 25**: Admit the investigation you conducted regarding the incident in question reached a conclusion.

**ADMIT OR DENY:**

**REQUEST NO. 26**: Admit the investigation you conducted regarding the incident in question did not reach a conclusion.

**ADMIT OR DENY:**

**REQUEST NO. 27**: Admit that Devon Glenn is currently an employee of yours.

**ADMIT OR DENY:**

**REQUEST NO. 28**: Admit that Devon Glenn is no longer an employee of yours.

**ADMIT OR DENY:**

**REQUEST NO. 29**: Admit you have a personnel file for Devon Glenn.

**ADMIT OR DENY:**

**REQUEST NO. 30**: Admit you do not have a personnel file for Devon Glenn.

ADMIT OR DENY:

**REQUEST NO. 31**: Admit a conclusion of your investigation regarding the incident in question was that Devon Glenn had failed in performing his duties correctly.

ADMIT OR DENY:

**REQUEST NO. 32**: Admit a conclusion of your investigation regarding the incident in question was that Devon Glenn had not failed in performing his duties correctly.

ADMIT OR DENY:

**REQUEST NO. 33**: Admit that your employees were, as part of their employment working at Store #3296, present to help customers be safe from harm.

ADMIT OR DENY:

**REQUEST NO. 34**: Admit that your employees were, as part of their employment working at Store #3296, not present to help customers be safe from harm.

ADMIT OR DENY:

**REQUEST NO. 35**: Admit that, on the date in question, Plaintiff was a customer of **WAL-MART STORES TEXAS, LLC**.

ADMIT OR DENY:

**REQUEST NO. 36**: Admit that, on the date in question, Plaintiff was not a customer of **WAL-MART STORES TEXAS, LLC**.

ADMIT OR DENY:

**REQUEST NO. 37**: Admit that you train your employees to be vigilant for potential dangers to customers.

ADMIT OR DENY:

**REQUEST NO. 38**: Admit that you do not train your employees to be vigilant for potential dangers to customers.

ADMIT OR DENY:

**REQUEST NO. 39**: Admit that Devon Glenn states, in his witness statement concerning the incident in question, that he saw an individual identified as "the cart pusher" look into a urinal stall that was not his.

ADMIT OR DENY:

**REQUEST NO. 40**: Admit that Devon Glenn does not state, in his witness statement concerning the incident in question, that he saw an individual identified as "the cart pusher" look into a urinal stall that was not his.

ADMIT OR DENY:

**REQUEST NO. 41**: Admit that Devon Glenn states that he did not think much of the individual identified as "the cart pusher" looking into a urinal stall that was not his own.

ADMIT OR DENY:

**REQUEST NO. 42**: Admit that Devon Glenn does not state that he did not think much of the individual identified as "the cart pusher" looking into a urinal stall that was not his own.

ADMIT OR DENY:

**REQUEST NO. 43**: Admit that an individual looking into a urinal other than their own, while the other urinal is being used by a customer amounts to a situation where a customer could be in danger.

ADMIT OR DENY:

**REQUEST NO. 44**: Admit that an individual looking into a urinal other than their own, while the other urinal is being used by a customer, does not amount to a situation where a customer could be in danger.

ADMIT OR DENY:

**REQUEST NO. 45**: Admit that as part of his employment with you, Devon Glenn had a responsibility to intervene if he saw a customer in a dangerous situation.

ADMIT OR DENY:

**REQUEST NO. 46**: Admit that as part of his employment with you, Devon Glenn did not have a responsibility to intervene if he saw a customer in a dangerous situation.

ADMIT OR DENY:

**REQUEST NO. 47**: Admit that as part of his training from you, Devon Glenn was instructed on how to intervene if he saw a customer in a dangerous situation.

ADMIT OR DENY:

**REQUEST NO. 48**: Admit that as part of his training from you, Devon Glenn was not instructed on how to intervene if he saw a customer in a dangerous situation.

**ADMIT OR DENY:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT WAL-MART STORES TEXAS, LLC

Pursuant to Texas Rule of Civil Procedure 196, Defendant, **WAL-MART STORES TEXAS, LLC**, is requested to answer in writing, within fifty (50) days of service of the following Requests for Production.

### DEFINITIONS

1.  **"You," "your," "Defendant," "WAL-MART," and "WAL-MART STORES TEXAS, LLC "** refer to the named Defendant, **WAL-MART STORES TEXAS, LLC**, to whom these requests are directed; its predecessors, successors, divisions, and subsidiaries; its present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates of its predecessors, successors, divisions, and subsidiaries; any other person, corporation, or entity under the control, whether directly or indirectly, of the party or its predecessors, successors, divisions, and subsidiaries; and any other person, corporation, or entity acting or purporting to act, whether authorized to do so or not, on behalf of or in concert with the party or its predecessors, successors, divisions, and subsidiaries, including any attorney.

2.  **"Person"** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

3.  **"Incident in Question"** means the incident described in Plaintiff's Original Petition.

4.  **"Date in Question"**, or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the subject matter in this suit.

5.      "**Document**" means all written, typed, printed, or electronic matter of every type and from any source, whether or not prepared by you, including originals and non-identical copies thereof, that are in your possession, custody, or control or are known by you to exist. The term also includes communications not only in words but also in symbols, pictures, sound recordings, film, tapes, and information stored on or accessible through computer or other information storage or retrieval systems. If the information is kept on a computer or electronic information retrieval system, the term also includes codes and programming instructions necessary to access and/or understand such systems. The term includes, but is not limited to, the following: letters; reports; charts; diagrams; photographs; calendars; audio or video recordings; correspondence; memoranda; notes; records; minutes; contracts; agreements; notations of telephone or personal conversations or conferences; interoffice communications; email; bulletins; pamphlets; faxes; drafts; statements; negatives; and electronic or magnetic data.

6.      "**Electronic or magnetic data**" means electronic information that is stored in a medium from which it can be retrieved and examined. "Electronic or magnetic data" refers to the original (or identical duplicate when the original is not available) and any other copies that may have attached comments, notes, marks, or highlighting of any kind. "Electronic or magnetic data" includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; email; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any

miscellaneous files or file fragments. "Electronic or magnetic data" includes any items stored on magnetic, optical, digital, or other electronic storage media, such as hard drives; floppy disks; CD-ROMs; DVDs; or removable media such as flash drives, Zip drives, or memory cards. "Electronic and magnetic data" also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

7.    **"Statement"** includes, without limitation, any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical or other recording, or a transcription thereof which is a contemporarily recorded and substantially verbatim recital of an oral statement by the person making it.

8.    **"Possession, custody, or control"** of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

9.    **"Related to"** means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Request.

10.    **"Concerning"** means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

11.    **"And"** and **"or"** shall each be construed to mean "and/or."

12.    **"Including"** shall be construed to mean "without limitation."

13.    The use of the singular form of any word includes the plural, and vice versa.

14.    "Store #3296" refers to Defendant **WAL-MART STORES TEXAS, LLC**'s supercenter,

located at 2700 S. Kirkwood Road, Houston, Texas, 77077.

## INSTRUCTIONS

1. Produce all documents and tangible items responsive to these Requests in your possession, custody, or control. You must produce all responsive information in your actual or constructive possession, custody, or control.

2. Answer each request for documents separately by listing the documents and describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

3. For a document that was previously in your actual or constructive possession, custody, or control, but is no longer in your possession, custody or control; cannot be located; or no longer exists, you must:

    a. Identify the document;

    b. State whether the document is missing or lost; has been destroyed; has been transferred to another person (whether voluntarily or involuntarily), and, if so, to whom; or has been otherwise disposed of;

    c. Explain the circumstances surrounding the disposition, including the approximate date of disposition and the authorization (if any) of the disposition

    d. State the reason(s) for the document's disposition or loss;

    e. Provide copies of any and all documents reflective of policies or procedures for the transfer or purging of such documents;

    f. Identify each person having knowledge about the disposition or loss of the document; and

    g.  Identify any other document evidencing the lost document's existence or any facts about the lost document.

4.    When identifying a <u>document</u>, you must state the following:

    a.  The nature of the document (e.g., letter, medical record, handwritten note):

    b.  The title of heading that appears on the document;

    c.  The date of the document;

    d.  The date of each addendum, supplement, or other addition or change;

    e.  The identity of the author;

    f.  The identity of all signatories; and

    g.  The identity of any person on whose behalf or at whose request or direction the document was prepared or delivered.

5.    When identifying a <u>person</u>, you must state the following:

    a.  The person's full name;

    b.  The person's present or last known residential address and residential telephone number;

    c.  The person's present or last known office address and office telephone number; and

    d.  The person's present occupation, job title, employer's name, and employer's address.

6.    If you cannot respond to a Request in full after exercising due diligence to secure the information or items requested:

    a.  State the reason(s) why you are unable to respond in full; and

    b.  Produce all responsive information or items in your possession, custody, or

control.

7.    You are not asked to divulge or provide any information or documents that are privileged in nature. However, if you assert that any requested document or information is privileged or otherwise not discoverable, identify the document or information and state the specific grounds for the claimed privilege or other basis for exclusion.

8.    You are not asked to divulge or provide any information or documents that are privileged in nature. However, if you assert that any requested document or information is privileged or otherwise not discoverable, identify the document or information and state the specific grounds for the claimed privilege or other basis for exclusion.

9.    These Requests are to be considered as continuing, and you must supplement your response with any additional responsive information that you may subsequently obtain, within a reasonable amount of time after receipt of such information, as provided in Texas Rule of Civil Procedure 193.5.

10.   Unless otherwise stated, these Requests are for documents in effect during the time of the Incident in Question.

11.   Pursuant to *Overall v. Southwestern Bell Yellow Pages*, a responding party is required to send responsive documents to the requesting party along with a copy of the party's response. Unless there are thousands of documents, the responding party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.—Houston [14th Dist.] 1994).

## REQUESTS FOR PRODUCTION

1.      Any and all photographs or other electronic visuals that contain images of the underlying facts that you intend to offer into evidence at trial.

        **RESPONSE:**

2.      Any and all photographs, movies, videotapes, or other visual reproductions that you have of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

        **RESPONSE:**

3.      All published documents, treatises, periodicals or pamphlets on any area of scientific study that you claim to be a reliable authority, which may be used by you at trial.

        **RESPONSE:**

4.      All published documents, treatises, periodicals or pamphlets on any area of scientific study that any testifying expert claims to be a reliable authority, which may be used by you at trial.

        **RESPONSE:**

5.      All published documents, treatises, periodicals or pamphlets on any area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

        **RESPONSE:**

6.      All documents, reports, publications, codes and regulations evidencing standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defense theory.

        **RESPONSE:**

7.      All documents, reports, publications, codes and regulations evidencing standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

        **RESPONSE:**

8.      All documents, reports, publications, codes and regulations evidencing standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

**RESPONSE:**

9.  All company documents, publications, guidelines, and codes regarding regulations for newly hired employees or independent contractor training.

    **RESPONSE:**

10. All company documents, publications, guidelines, and codes regarding conducting background checks prior to hiring employees or independent contractors.

    **RESPONSE:**

11. The complete personnel file for the individual identified as "the cart pusher" in Devon Glenn's witness statement regarding the incident in question.

    **RESPONSE:**

12. Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

    **RESPONSE:**

13. Any written, taped or mechanically reproduced statement made by any Defendant in this lawsuit or the Plaintiff, which are within your care, custody, or control.

    **RESPONSE:**

14. Any documents, photographs, or other physical evidence that you will use or offer at trial.

    **RESPONSE:**

15. All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of this suit.

    **RESPONSE:**

16. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by you or your agents in the ordinary course of business.

    **RESPONSE:**

17.     Any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you, your employees, and/or your agents concerning the subject matter of this lawsuit.

        **RESPONSE:**

18.     Any documents, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

        **RESPONSE:**

19.     The entire investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by you, your employees, or your agents, before Plaintiff filed his Original Petition.

        **RESPONSE:**

20.     Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

        a.  The Incident in Question;
        b.  Plaintiff's damages;
        c.  The presentation of any testimony;
        d.  Whether or how to conduct any cross-examination;
        e.  The performance of discovery; and/or
        f.  The presentation of any defense, excuse, or inferential rebuttal.

        **RESPONSE:**

21.     Copies of any document or statement made by any witness that you will use, or anticipate may use, to refresh the memory of any Defendant in this suit, either for deposition or trial.

        **RESPONSE:**

22.     Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

        **RESPONSE:**

23.   Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

**RESPONSE:**

24.   Copies of any and all documents that show and/or outline the business partnerships or relationships between you and the other named defendants.

**RESPONSE:**

25.   Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

**RESPONSE:**

26.   Any and all calendars, journals, diaries, logs, or notes kept by you, other employees, independent contractors, and/or persons with knowledge of the facts brought the basis of this suit, and/or the individual identified as "the cart pusher" concerning the Incident in Question.

**RESPONSE:**

27.   All documents regarding Plaintiff's medical status, treatment or history obtained by you via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

**RESPONSE:**

28.   All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Question, the events leading up to it, or any damage sustained by Plaintiff.

**RESPONSE:**

29.   All documents and tangible things which support any contention by you that:

a.   Any act or omission of Plaintiff caused or contributed to the Incident in Question, or to her damages;

b.   Any other factor contributed to or was the sole cause of the Incident in Question, including but not limited to acts, omissions or negligence of any other party or parties, or of any potential third-party defendant;

c. Any factor other than the Incident in Question caused or contributed to the damages sustained by Plaintiff, including but not limited to pre-existing or other physical or medical conditions;

d. Any or all of the damages suffered by Plaintiff were not the result of or caused by the Incident in Question; or

e. You are not properly named as a defendant in this lawsuit.

**RESPONSE:**

30. Any records or documentation (medical or non-medical) which would indicate that the individual identified as "the cart pusher" had alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in his bloodstream or urine at the time of the Incident in Question.

**RESPONSE:**

31. Please produce copies of all deposition testimony previously given by you in relation to any prior legal actions during the past ten (10) years.

**RESPONSE:**

32. Any records or documents relating to criminal indictments, charges, arrests, or convictions of the individual identified as "the cart pusher" for the ten (10) years prior to his employment. This request includes documents relating to any fees or punishments made, incurred, or released.

**RESPONSE:**

33. For any previous civil litigation you were involved in within ten (10) years prior to this suit that concern a claim regarding an assault of any kind, please provide any records or documentation regarding the following:

a. The court the issue was filed in;

b. The year the case was filed;

c. The subject matter of the action; and

d. The disposition of the action.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT BROSNAN RISK CONSULTANTS, LTD.

Pursuant to Texas Rule of Civil Procedure 196, Defendant, **BROSNAN RISK CONSULTANTS, LTD.,** is requested to answer in writing, within fifty (50) days of service of the following Requests for Production.

### DEFINITIONS

1.  **"You," "your," "Defendant," "BROSNAN,"** and **"BROSNAN RISK CONSULTANTS, LTD."** refer to the named Defendant, **BROSNAN RISK CONSULTANTS, LTD.,** to whom these requests are directed; its predecessors, successors, divisions, and subsidiaries; its present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates of its predecessors, successors, divisions, and subsidiaries; any other person, corporation, or entity under the control, whether directly or indirectly, of the party or its predecessors, successors, divisions, and subsidiaries; and any other person, corporation, or entity acting or purporting to act, whether authorized to do so or not, on behalf of or in concert with the party or its predecessors, successors, divisions, and subsidiaries, including any attorney.

2.  **"Person"** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

3.  **"Incident in Question"** means the incident described in Plaintiff's Original Petition.

4.  **"Date in Question",** or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the

subject matter in this suit.

5. **"Document"** means all written, typed, printed, or electronic matter of every type and from any source, whether or not prepared by you, including originals and non-identical copies thereof, that are in your possession, custody, or control or are known by you to exist. The term also includes communications not only in words but also in symbols, pictures, sound recordings, film, tapes, and information stored on or accessible through computer or other information storage or retrieval systems. If the information is kept on a computer or electronic information retrieval system, the term also includes codes and programming instructions necessary to access and/or understand such systems. The term includes, but is not limited to, the following: letters; reports; charts; diagrams; photographs; calendars; audio or video recordings; correspondence; memoranda; notes; records; minutes; contracts; agreements; notations of telephone or personal conversations or conferences; interoffice communications; email; bulletins; pamphlets; faxes; drafts; statements; negatives; and electronic or magnetic data.

6. **"Electronic or magnetic data"** means electronic information that is stored in a medium from which it can be retrieved and examined. "Electronic or magnetic data" refers to the original (or identical duplicate when the original is not available) and any other copies that may have attached comments, notes, marks, or highlighting of any kind. "Electronic or magnetic data" includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; email; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual,

graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. "Electronic or magnetic data" includes any items stored on magnetic, optical, digital, or other electronic storage media, such as hard drives; floppy disks; CD-ROMs; DVDs; or removable media such as flash drives, Zip drives, or memory cards. "Electronic and magnetic data" also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

7.  "**Statement**" includes, without limitation, any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical or other recording, or a transcription thereof which is a contemporarily recorded and substantially verbatim recital of an oral statement by the person making it.

8.  "**Possession, custody, or control**" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

9.  "**Related to**" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Request.

10. "**Concerning**" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

11. "**And**" and "**or**" shall each be construed to mean "and/or."

12. "**Including**" shall be construed to mean "without limitation."

13. The use of the singular form of any word includes the plural, and vice versa.

14.     "Store #3296" refers to Defendant **WAL-MART STORES TEXAS, LLC**'s supercenter, located at 2700 S. Kirkwood Road, Houston, Texas, 77077.

**INSTRUCTIONS**

1.      Produce all documents and tangible items responsive to these Requests in your possession, custody, or control. You must produce all responsive information in your actual or constructive possession, custody, or control.

2.      Answer each request for documents separately by listing the documents and describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

3.      For a document that was previously in your actual or constructive possession, custody, or control, but is no longer in your possession, custody or control; cannot be located; or no longer exists, you must:

   a.   Identify the document;

   b.   State whether the document is missing or lost; has been destroyed; has been transferred to another person (whether voluntarily or involuntarily), and, if so, to whom; or has been otherwise disposed of;

   c.   Explain the circumstances surrounding the disposition, including the approximate date of disposition and the authorization (if any) of the disposition

   d.   State the reason(s) for the document's disposition or loss;

   e.   Provide copies of any and all documents reflective of policies or procedures for the transfer or purging of such documents;

   f.   Identify each person having knowledge about the disposition or loss of the

document; and

g.  Identify any other document evidencing the lost document's existence or any facts about the lost document.

4.  When identifying a <u>document</u>, you must state the following:

a.  The nature of the document (e.g., letter, medical record, handwritten note):

b.  The title of heading that appears on the document;

c.  The date of the document;

d.  The date of each addendum, supplement, or other addition or change;

e.  The identity of the author;

f.  The identity of all signatories; and

g.  The identity of any person on whose behalf or at whose request or direction the document was prepared or delivered.

5.  When identifying a <u>person</u>, you must state the following:

a.  The person's full name;

b.  The person's present or last known residential address and residential telephone number;

c.  The person's present or last known office address and office telephone number; and

d.  The person's present occupation, job title, employer's name, and employer's address.

6.  If you cannot respond to a Request in full after exercising due diligence to secure the information or items requested:

a.  State the reason(s) why you are unable to respond in full; and

b. Produce all responsive information or items in your possession, custody, or control.

7. You are not asked to divulge or provide any information or documents that are privileged in nature. However, if you assert that any requested document or information is privileged or otherwise not discoverable, identify the document or information and state the specific grounds for the claimed privilege or other basis for exclusion.

8. You are not asked to divulge or provide any information or documents that are privileged in nature. However, if you assert that any requested document or information is privileged or otherwise not discoverable, identify the document or information and state the specific grounds for the claimed privilege or other basis for exclusion.

9. These Requests are to be considered as continuing, and you must supplement your response with any additional responsive information that you may subsequently obtain, within a reasonable amount of time after receipt of such information, as provided in Texas Rule of Civil Procedure 193.5.

10. Unless otherwise stated, these Requests are for documents in effect during the time of the Incident in Question.

11. Pursuant to *Overall v. Southwestern Bell Yellow Pages*, a responding party is required to send responsive documents to the requesting party along with a copy of the party's response. Unless there are thousands of documents, the responding party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.— Houston [14th Dist.] 1994).

## REQUESTS FOR PRODUCTION

1.     Any and all photographs or other electronic images that contain images of the underlying facts that you intend to offer into evidence at trial.

    **RESPONSE:**

2.     Any and all photographs, movies, videotapes, or other visual reproductions that you have of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

    **RESPONSE:**

3.     All published documents, treatises, periodicals or pamphlets on any area of scientific study that you claim to be a reliable authority, which may be used by you at trial.

    **RESPONSE:**

4.     All published documents, treatises, periodicals or pamphlets on any area of scientific study that any testifying expert claims to be a reliable authority, which may be used by you at trial.

    **RESPONSE:**

5.     All published documents, treatises, periodicals or pamphlets on any area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

    **RESPONSE:**

6.     All documents, reports, publications, codes and regulations evidencing standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defense theory.

    **RESPONSE:**

7.     All documents, reports, publications, codes and regulations evidencing standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

    **RESPONSE:**

8.     All documents, reports, publications, codes and regulations evidencing standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

**RESPONSE:**

9.      All company documents, publications, guidelines, and codes regarding regulations for newly hired employee or independent contractor training.

**RESPONSE:**

10.     All company documents, publications, guidelines, and codes regarding conducting background checks prior to hiring employees or independent contractors.

**RESPONSE:**

11.     The complete personnel file for Devon Glenn.

**RESPONSE:**

12.     Copies of any and all statements made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

**RESPONSE:**

13.     Any written, taped or mechanically reproduced statement made by any Defendant in this lawsuit or the Plaintiff, which are within your care, custody, or control.

**RESPONSE:**

14.     Any documents, photographs, or other physical evidence that you will use or offer at trial.

**RESPONSE:**

15.     All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of this suit.

**RESPONSE:**

16.     The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by you or your agents in the ordinary course of business.

**RESPONSE:**

17.   Any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you, your employees, and/or your agents concerning the subject matter of this lawsuit.

   **RESPONSE:**

18.   Any documents, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

   **RESPONSE:**

19.   The entire investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by you, your employees, or your agents, before Plaintiff filed his Original Petition.

   **RESPONSE:**

20.   Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

   a.   The Incident in Question;
   b.   Plaintiff's damages;
   c.   The presentation of any testimony;
   d.   Whether or how to conduct any cross-examination;
   e.   The performance of discovery; and/or
   f.   The presentation of any defense, excuse, or inferential rebuttal.

   **RESPONSE:**

21.   Copies of any document or statement made by any witness that you will use, or anticipate may use, to refresh the memory of any Defendant in this suit, either for deposition or trial.

   **RESPONSE:**

22.   Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial.

   **RESPONSE:**

23.    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

      **RESPONSE:**

24.    Copies of any and all documents that show and/or outline the business partnerships or relationships between you and the other named defendants.

      **RESPONSE:**

25.    Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial.  Please include the name of the person convicted, the offense for which he or she was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

      **RESPONSE:**

26.    Any and all calendars, journals, diaries, logs, or notes kept by you, other employees, independent contractors, and/or persons with knowledge of the facts brought the basis of this suit, and/or Devon Glenn concerning the Incident in Question.

      **RESPONSE:**

27.    All documents regarding Plaintiff's medical status, treatment or history obtained by you via an authorization signed by Plaintiff, subpoena, deposition on written questions, or otherwise.

      **RESPONSE:**

28.    All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Question, the events leading up to it, or any damage sustained by Plaintiff.

      **RESPONSE:**

29.    All documents and tangible things which support any contention by you that:

      a.  Any act or omission of Plaintiff caused or contributed to the Incident in Question, or to her damages;

      b.  Any other factor contributed to or was the sole cause of the Incident in Question, including but not limited to acts, omissions or negligence of any other party or parties, or of any potential third-party defendant;

      c.  Any factor other than the Incident in Question caused or contributed to the

damages sustained by Plaintiff, including but not limited to pre-existing or other physical or medical conditions;

d.  Any or all of the damages suffered by Plaintiff were not the result of or caused by the Incident in Question; or

e.  You are not properly named as a defendant in this lawsuit.

**RESPONSE:**

30.  Any records or documentation (medical or non-medical) which would indicate that Devon Glenn had alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in his bloodstream or urine at the time of the Incident in Question.

**RESPONSE:**

31.  Please produce copies of all deposition testimony previously given by you in relation to any prior legal actions during the past ten (10) years.

**RESPONSE:**

32.  Any records or documents relating to criminal indictments, charges, arrests, or convictions of Devon Glenn for the ten (10) years prior to his employment. This request includes documents relating to any fees or punishments made, incurred, or released.

**RESPONSE:**

33.  For any previous civil litigation you were involved in within ten (10) years prior to this suit that concern a claim regarding an assault of any kind, please provide any records or documentation regarding the following:

a.  The court the issue was filed in;

b.  The year the case was filed;

c.  The subject matter of the action; and

d.  The disposition of the action.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WAL-MART STORES TEXAS, LLC

Pursuant to Texas Rule of Civil Procedure 197, Defendant, **WAL-MART STORES TEXAS, LLC**, is requested to answer the following interrogatories separately, fully, in writing and under oath, within fifty (50) days of service of this Request.

### DEFINITIONS

1.  **"You," "your," "Defendant," "WAL-MART,"** and **"WAL-MART STORES TEXAS, LLC "** refer to the named Defendant, **WAL-MART STORES TEXAS, LLC,** to whom these requests are directed; its predecessors, successors, divisions, and subsidiaries; its present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates of its predecessors, successors, divisions, and subsidiaries; any other person, corporation, or entity under the control, whether directly or indirectly, of the party or its predecessors, successors, divisions, and subsidiaries; and any other person, corporation, or entity acting or purporting to act, whether authorized to do so or not, on behalf of or in concert with the party or its predecessors, successors, divisions, and subsidiaries, including any attorney.

2.  **"Person"** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

3.  **"Incident in Question"** means the incident described in Plaintiff's Original Petition.

4.  **"Date in Question",** or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the subject matter in this suit.

5.      "**Document**" means all written, typed, printed, or electronic matter of every type and from any source, whether or not prepared by you, including originals and non-identical copies thereof, that are in your possession, custody, or control or are known by you to exist. The term also includes communications not only in words but also in symbols, pictures, sound recordings, film, tapes, and information stored on or accessible through computer or other information storage or retrieval systems. If the information is kept on a computer or electronic information retrieval system, the term also includes codes and programming instructions necessary to access and/or understand such systems. The term includes, but is not limited to, the following: letters; reports; charts; diagrams; photographs; calendars; audio or video recordings; correspondence; memoranda; notes; records; minutes; contracts; agreements; notations of telephone or personal conversations or conferences; interoffice communications; email; bulletins; pamphlets; faxes; drafts; statements; negatives; and electronic or magnetic data.

6.      "**Electronic or magnetic data**" means electronic information that is stored in a medium from which it can be retrieved and examined. "Electronic or magnetic data" refers to the original (or identical duplicate when the original is not available) and any other copies that may have attached comments, notes, marks, or highlighting of any kind. "Electronic or magnetic data" includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; email; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any

miscellaneous files or file fragments. "Electronic or magnetic data" includes any items stored on magnetic, optical, digital, or other electronic storage media, such as hard drives; floppy disks; CD-ROMs; DVDs; or removable media such as flash drives, Zip drives, or memory cards. "Electronic and magnetic data" also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

7.      **"Statement"** includes, without limitation, any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical or other recording, or a transcription thereof which is a contemporarily recorded and substantially verbatim recital of an oral statement by the person making it.

8.      **"Possession, custody, or control"** of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

9.      **"Related to"** means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Request.

10.     **"Concerning"** means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

11.     **"And"** and **"or"** shall each be construed to mean "and/or."

12.     **"Including"** shall be construed to mean "without limitation."

13.     The use of the singular form of any word includes the plural, and vice versa.

14.     "Store #3296" refers to Defendant **WAL-MART STORES TEXAS, LLC**'s supercenter,

located at 2700 S. Kirkwood Road, Houston, Texas, 77077.

## INSTRUCTIONS

1.   Answer each Interrogatory separately and fully by furnishing all information in your possession, custody, or control, including all information to which you have a superior right to compel from a third party such as your agent, authority, or representative.

2.   These Interrogatories must be answered under oath.

3.   When identifying a document, you must state the following:

     a.   The nature of the document (e.g., letter, medical record, handwritten note):

     b.   The title of heading that appears on the document;

     c.   The date of the document;

     d.   The date of each addendum, supplement, or other addition or change;

     e.   The identity of the author;

     f.   The identity of all signatories; and

     g.   The identity of any person on whose behalf or at whose request or direction the document was prepared or delivered.

4.   When identifying a person, you must state the following:

     a.   The person's full name;

     b.   The person's present or last known residential address and residential telephone number;

     c.   The person's present or last known office address and office telephone number; and

     d.   The person's present occupation, job title, employer's name, and employer's address.

5.    When identifying a <u>statement,</u> you must state the following:

    a.    The person who made the statement;

    b.    The person who took or recorded the statement;

    c.    The identity of all others present during the making of the statement;

    d.    When, where, and how the statement was taken or recorded; and

    e.    The identity of the person who currently has or was last known to have possession, custody or control of the statement.

6.    When identifying <u>any other tangible thing,</u> you must state the following:

    a.    A reasonably detailed description thereof;

    b.    When, where, and how it was made, if applicable;

    c.    The identity of the person who made it, if applicable; and

    d.    The identity of the person who currently has or was last known to have possession, custody or control thereof, if applicable.

7.    If you cannot respond to an Interrogatory in full after exercising due diligence to secure the information requested:

    a.    State the reason(s) why you are unable to respond in full; and

    b.    Produce all responsive information or items in your possession, custody, or control.

8.    These Interrogatories are to be considered as continuing, and you must supplement your response with any additional responsive information that you may subsequently obtain, within a reasonable amount of time after receipt of such information, as provided in Texas Rule of Civil Procedure 193.5.

9.    Unless otherwise stated, these Interrogatories pertain to the time period of the Incidents

in Question.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify the existence, nature, condition, location, and/or contents of documents within your possession, custody, or control that are relevant to this suit. Tex. R. Civ. P. 192.3(b).

**RESPONSE:**

**INTERROGATORY NO. 2**:  Identify every person who is expected to be called to testify at trial, including your experts.

**RESPONSE:**

**INTERROGATORY NO. 3**:  Identify all persons who may have been witnesses to the Incident in Question or who may have knowledge of any relevant facts concerning the Incident in Question, the events leading up to it, the events after it occurred, or any damage sustained by Plaintiff as a result.

**RESPONSE:**

**INTERROGATORY NO. 4**:  Describe in your own words and to the best of your ability how the Incident in Question occurred and state specifically your claim(s) or contention(s) regarding any cause or contributing cause of the Incident in Question, or lack there-of, including a statement in detail of the facts or information upon which such claim(s) or contention(s) are based.

**RESPONSE:**

**INTERROGATORY NO. 5**:  State the legal theories and describe in general the factual basis for your defenses in this case.

**RESPONSE:**

**INTERROGATORY NO. 6**:  Identify by date, cause number, style, court, county, and state each lawsuit to which you and Defendant **BROSNAN RISK CONSULTANTS, LTD.** have ever been a party, other than this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 7**:  Please state the name, address, and telephone number of any expert(s) with whom you or your attorneys have consulted, but whom you do not intend to call as an expert witness in this case or whom you have not decided to call as an expert witness in this case, but whose opinion(s) and/or impression(s) have been reviewed by any expert who is to be called as a witness at the trial of this case.

**RESPONSE:**

**INTERROGATORY NO. 8**: If you are making any of the following contentions, describe the factual basis for each such contention, including any evidence or statements that support your contention.

    a. That any act or omission of Plaintiff caused or contributed to the Incident in Question, or to his damages;

    b. That any other factor contributed to or was the sole cause of the Incident in Question, including but not limited to acts, omissions, or negligence of any other party or parties, or of any potential third-party defendant;

    c. That any factor other than the Incident in Question caused or contributed to the damages sustained by Plaintiff, including but not limited to pre-existing or other medical conditions;

    d. That any or all of the damages suffered by Plaintiff were not the result of or caused by the Incident in Question; or

    e. That you are not properly named as a defendant in this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 9**: Identify each person who provided answers, supplied information, or assisted in any way with the preparation of the answers to these Interrogatories, or upon whose opinions any answer(s) to these Interrogatories are based.

**RESPONSE:**

**INTERROGATORY NO. 10**: Please describe your relationship with **BROSNAN RISK CONSULTANTS, LTD.**, including what your understanding is as to the services, if any, **BROSNAN RISK CONSULTANTS, LTD.** is to provide to your customers.

**RESPONSE:**

**INTERROGATORY NO. 11**: Please briefly describe your process for checking the qualifications of persons you employ, including but not limited to the individual identified in Devon Glenn's witness statement as "the cart pusher."

**RESPONSE:**

**INTERROGATORY NO. 12**: Please provide the identity of the individual identified in Devon Glenn's witness statement as "the cart pusher."

**RESPONSE:**

<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT BROSNAN</u>
<u>RISK CONSULTANTS, LTD.</u>

Pursuant to Texas Rule of Civil Procedure 197, Defendant, **BROSNAN RISK CONSULTANTS, LTD.**, is requested to answer the following interrogatories separately, fully, in writing and under oath, within fifty (50) days of service of this Request.

<u>DEFINITIONS</u>

1.   **"You," "your," "Defendant," "BROSNAN,"** and **"BROSNAN RISK CONSULTANTS, LTD."** refer to the named Defendant, **BROSNAN RISK CONSULTANTS, LTD.**, to whom these requests are directed; its predecessors, successors, divisions, and subsidiaries; its present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates; the present and former agents, representatives, officers, directors, employees, partners, corporate agents, affiliates of its predecessors, successors, divisions, and subsidiaries; any other person, corporation, or entity under the control, whether directly or indirectly, of the party or its predecessors, successors, divisions, and subsidiaries; and any other person, corporation, or entity acting or purporting to act, whether authorized to do so or not, on behalf of or in concert with the party or its predecessors, successors, divisions, and subsidiaries, including any attorney.

2.   **"Person"** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

3.   **"Incident in Question"** means the incident described in Plaintiff's Original Petition.

4.   **"Date in Question",** or similar reference as used herein, refers to the facts described in Plaintiff's Original Petition, unless otherwise described herein, and which forms the

subject matter in this suit.

5.  **"Document"** means all written, typed, printed, or electronic matter of every type and from any source, whether or not prepared by you, including originals and non-identical copies thereof, that are in your possession, custody, or control or are known by you to exist. The term also includes communications not only in words but also in symbols, pictures, sound recordings, film, tapes, and information stored on or accessible through computer or other information storage or retrieval systems. If the information is kept on a computer or electronic information retrieval system, the term also includes codes and programming instructions necessary to access and/or understand such systems. The term includes, but is not limited to, the following: letters; reports; charts; diagrams; photographs; calendars; audio or video recordings; correspondence; memoranda; notes; records; minutes; contracts; agreements; notations of telephone or personal conversations or conferences; interoffice communications; email; bulletins; pamphlets; faxes; drafts; statements; negatives; and electronic or magnetic data.

6.  **"Electronic or magnetic data"** means electronic information that is stored in a medium from which it can be retrieved and examined. "Electronic or magnetic data" refers to the original (or identical duplicate when the original is not available) and any other copies that may have attached comments, notes, marks, or highlighting of any kind. "Electronic or magnetic data" includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; email; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual,

graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. "Electronic or magnetic data" includes any items stored on magnetic, optical, digital, or other electronic storage media, such as hard drives; floppy disks; CD-ROMs; DVDs; or removable media such as flash drives, Zip drives, or memory cards. "Electronic and magnetic data" also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

7.     **"Statement"** includes, without limitation, any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical or other recording, or a transcription thereof which is a contemporarily recorded and substantially verbatim recital of an oral statement by the person making it.

8.     **"Possession, custody, or control"** of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

9.     **"Related to"** means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Request.

10.     **"Concerning"** means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, or constituting.

11.     **"And"** and **"or"** shall each be construed to mean "and/or."

12.     **"Including"** shall be construed to mean "without limitation."

13.     The use of the singular form of any word includes the plural, and vice versa.

14.    "Store #3296" refers to Defendant **WAL-MART STORES TEXAS, LLC**'s supercenter, located at 2700 S. Kirkwood Road, Houston, Texas, 77077.

**INSTRUCTIONS**

1.    Answer each Interrogatory separately and fully by furnishing all information in your possession, custody, or control, including all information to which you have a superior right to compel from a third party such as your agent, authority, or representative.

2.    These Interrogatories must be answered under oath.

3.    When identifying a document, you must state the following:

    a.    The nature of the document (e.g., letter, medical record, handwritten note):

    b.    The title of heading that appears on the document;

    c.    The date of the document;

    d.    The date of each addendum, supplement, or other addition or change;

    e.    The identity of the author;

    f.    The identity of all signatories; and

    g.    The identity of any person on whose behalf or at whose request or direction the document was prepared or delivered.

4.    When identifying a person, you must state the following:

    a.    The person's full name;

    b.    The person's present or last known residential address and residential telephone number;

    c.    The person's present or last known office address and office telephone number; and

    d.    The person's present occupation, job title, employer's name, and employer's

address.

5.   When identifying a <u>statement</u>, you must state the following:

    a.   The person who made the statement;

    b.   The person who took or recorded the statement;

    c.   The identity of all others present during the making of the statement;

    d.   When, where, and how the statement was taken or recorded; and

    e.   The identity of the person who currently has or was last known to have possession, custody or control of the statement.

6.   When identifying <u>any other tangible thing</u>, you must state the following:

    a.   A reasonably detailed description thereof;

    b.   When, where, and how it was made, if applicable;

    c.   The identity of the person who made it, if applicable; and

    d.   The identity of the person who currently has or was last known to have possession, custody or control thereof, if applicable.

7.   If you cannot respond to an Interrogatory in full after exercising due diligence to secure the information requested:

    a.   State the reason(s) why you are unable to respond in full; and

    b.   Produce all responsive information or items in your possession, custody, or control.

8.   These Interrogatories are to be considered as continuing, and you must supplement your response with any additional responsive information that you may subsequently obtain, within a reasonable amount of time after receipt of such information, as provided in Texas Rule of Civil Procedure 193.5.

9.      Unless otherwise stated, these Interrogatories pertain to the time period of the Incidents in Question.

**INTERROGATORY NO. 8**: Are you making any of the following contentions? If so, describe the factual basis for each such contention, including any evidence or statements that support your contention.

    a. That any act or omission of Plaintiff caused or contributed to the incident in question, or to his damages;

    b. That any other factor contributed to or was the sole cause of the incident in question, including but not limited to acts, omissions, or negligence of any other party or parties, or of any potential third-party defendant;

    c. That any factor other than the incident in question caused or contributed to the damages sustained by Plaintiff, including but not limited to pre-existing or other medical conditions;

    d. That any or all of the damages suffered by Plaintiff were not the result of or caused by the incident in question; or

    e. That you are not properly named as a defendant in this lawsuit.

    **RESPONSE:**

**INTERROGATORY NO. 9**: Identify each person who provided answers, supplied information, or assisted in any way with the preparation of the answers to these Interrogatories, or upon whose opinions any answer(s) to these Interrogatories are based.

    **RESPONSE:**

**INTERROGATORY NO. 10**: Please describe your relationship with **WAL-MART STORES TEXAS, LLC**, including what your understanding is as to the services, if any, you are to provide to their customers.

    **RESPONSE:**

**INTERROGATORY NO. 11**: Please briefly describe your process for checking the qualifications of persons you employ, including but not limited to Devon Glenn.

    **RESPONSE:**

**INTERROGATORY NO. 12**: Please describe your process for training the persons you employ, including but not limited to Devon Glenn.

    **RESPONSE:**